UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOROTHY DAVIS,

                Plaintiff,          3:11-cv-1263
                                                (GLS/DEP)

       v.

NEW YORK STATE OFFICE FOR
PEOPLE WITH DEVELOPMENTAL
DISABILITIES,

                Defendant.
_____

APPEARANCES:                          OF COUNSEL:

**FOR THE PLAINTIFF:**
Dorothy Davis
Pro Se
35 Felters Road #156
Binghamton, NY 13903

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN    ADRIENNE J. KERWIN
New York State Attorney General    Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Dorothy Davis commenced this action against defendant

New York State Office for People with Developmental Disabilities (OPDD) asserting claims of racial discrimination and employment retaliation under Title VII of the Civil Rights Acts of 1964 and 1991.[1]  (*See* Compl., Dkt. No. 1.)  Pending is OPDD's motion to dismiss.  (*See* Dkt. No. 9.)  For the reasons that follow, the motion is granted.

## II.  Background[2]

Davis, a former employee of the Broome Developmental Center, claims that she was "treated differently from the other employees at [her] job who were white."  (Compl. ¶ 8.)  Although she was permitted to cook meals for the clients at the facility, Davis was not permitted to go to the supermarket for them, was falsely accused of leaving work early and placed in a building where other staff members were "doing things to make [her] lose [her] job."  (*Id.* ¶¶ 8-9.)  Davis now alleges the following three causes of action against OPDD: (1) race discrimination; (2) retaliation; and (3) improper termination.[3]  (*See id.* ¶ 9.)

---

[1]  *See* 42 U.S.C. § 2000e *et seq.*

[2]  The allegations are drawn from Davis's Complaint and presented in a light most favorable to her.

[3]  Davis's third cause of action appears to challenge the basis of her termination.  (*See* Compl. ¶ 9.)  In so doing, however, Davis poses a question in lieu of an actionable claim.  (*See id.*)  Though the third cause of action must be dismissed as unintelligible, the court considers the factual allegations contained therein in its review of Davis's retaliation and discrimination

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[4]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

OPDD argues that Davis's Complaint should be dismissed as she fails to state actionable Title VII retaliation or discrimination claims.[5]  (*See* Dkt. No. 9, Attach. 1 at 2-3.)  Davis responds that she was illegally fired, and thus, her claims should not be dismissed.  (*See generally* Dkt. No. 11.)  The court agrees with OPDD.

To sustain her retaliation cause of action, Davis must allege: "(1) participation in a protected activity; (2) that she knew of the protected activity; (3) an adverse employment action; and (4) a causal connection

---

claims.  *See* Fed. R. Civ. P. 12(b)(6).

[4]  Because Davis is proceeding *pro se*, the court will construe her Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[5]  OPDD also argues that to the extent Davis sought to pursue a constitutional claim under 42 U.S.C. § 1983, such a claim would be barred by the Eleventh Amendment.  (*See* Dkt. No. 9, Attach. 1 at 2.)  While the court is unable to discern a section 1983 claim from Davis's Complaint, it nonetheless agrees that any constitutional claim against OPDD would be barred by the Eleventh Amendment.  *See Wagner v. Swarts*, No. 1:09-cv-652, 2011 WL 5599571, at *10 (N.D.N.Y. Nov. 17, 2011) (discussing Eleventh Amendment immunity).

3

between the protected activity and the adverse employment action." *McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001). With respect to the first element—which OPDD claims is lacking here—Davis must have a "good faith, reasonable belief that [s]he was opposing an employment practice made unlawful by Title VII." *Id.* (citing *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 134 (2d Cir. 1999)); *see also* 42 U.S.C. §§ 2000e-2, 2000e-3 (discussing protected activities under Title VII). Despite her *de minimus* burden at this stage, *see Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005), Davis's Complaint is devoid of any reference to an activity which could be construed as protected, let alone allegations regarding "a causal connection between the protected activity and the adverse employment action," *McMenemy*, 241 F.3d at 282-83. (*See* Compl. ¶¶ 8-9.) As such, Davis's retaliation claim must be dismissed.

Likewise, her Complaint also fails to plead a Title VII discrimination claim. In analyzing claims of race discrimination, courts apply the burden-shifting rules first set forth in *McDonnell Douglas Corp. v. Green*, which place upon the plaintiff the initial burden of making out a prima facie case of discrimination. 411 U.S. 792, 802-03 (1973). A plaintiff satisfies

4

this burden by showing: "(1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) the ultimate filling of the position with an individual who is not a member of the protected class." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001).  Notably, the fourth prong may also be satisfied by demonstrating that "the discharge . . . occurred under circumstances giving rise to an inference of discrimination" based on the plaintiff's membership in a protected class.  *Id.*

In the instant case, Davis's Complaint contains only "labels and conclusions" of race discrimination.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Among other things, Davis's Complaint does not contain any "factual content that allows the court" to reasonably conclude, *id.*, that her discharge "occurred under circumstances giving rise to an inference of discrimination," *Farias*, 259 F.3d at 98.  Stated another way, Davis's termination appears to be based on her alleged misconduct, not her race.[6]  (*See* Compl. ¶ 9.)  Thus, this cause of action must also be dismissed.[7]

---

[6] Indeed, the third cause of action discusses Davis's alleged abuse of a client as opposed to her race as the basis for her termination.  (*See* Compl. ¶ 9.)

[7] In spite of these failures, Davis's response contains additional factual allegations that—if substantially explicated and included in an amended complaint—could form the basis of a Title VII claim.  (*See generally* Dkt. No. 11); *see also McCarthy v. Dun & Bradstreet Corp.*,

5

Despite these deficiencies, the court recognizes that this is the first time that Davis has been alerted to the deficiencies in her Complaint. Accordingly, this dismissal is without prejudice to Davis's right to file an Amended Complaint—if she so chooses—consistent with this Memorandum-Decision and Order.  The Amended Complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, *inter alia*, N.D.N.Y. L.R. 7.1(a)(4) and Fed. R. Civ. P. 11(b).  If Davis elects to file an Amended Complaint, OPDD shall have fourteen (14) days to file the appropriate response, and/or renew its motion to dismiss.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that OPDD's motions to dismiss (Dkt. No. 9) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that Davis may—in accordance with requirements of N.D.N.Y. L.R. 7.1(a)(4)—file an Amended Complaint, if she can, in good faith, allege sufficient facts to cure the deficiencies articulated above,

---

482 F.3d 184, 191 (2d Cir. 2007) (explaining that the court's review is limited to the "four corners of the complaint").

within thirty (30) days of this order; and it is further

**ORDERED** that if Davis elects to file an Amended Complaint, OPDD shall have fourteen (14) days to file the appropriate response, and/or renew its motion to dismiss; and it is further

**ORDERED** that if Davis does not file an Amended Complaint within thirty (30) days of this order, the Clerk is directed to enter judgment in favor of OPDD and close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 16, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court